Sanders, Janet L., J.
This is an action seeking a declaration that a final judgment by an Illinois Court approving the settlement of a nationwide class action is enforceable here in Massachusetts. The plaintiff Liberty Mutual Insurance Company (Liberty) was the defendant in the Illinois action, which challenged the manner in which Liberty determined the reasonableness of medical charges payable under no-fault provisions of automobile insurance policies. The defendants are Massachusetts providers which the Complaint alleges were members of the class that was certified as part of the settlement and that were notified of the settlement before it was finally approved. The defendants move to dismiss the Complaint pursuant to Rule 12(b)(6), Mass. R.Civ.P. Although this Court has real reservations as to the propriety of this action, this Court concludes that at this early stage in the litigation before an Answer is even filed, the Motion must be DENIED.
The Illinois judgment that is the subject of this action was rendered in a case captioned Lebanon Chiropractic Clinic, P.C. v. Liberty Mutual Insurance Co., C.A. No. 14-1-521 (Lebanon). As described in the Complaint, Lebanon resolved a 39-state class action that had attacked Liberty’s failure to fully reimburse policyholders, claimants and providers for the cost of medical care relating to injuries covered by Personal Injury Protection (PIP) benefits under Liberty’s auto insurance policies. One of the effects of the settlement was to approve Liberty’s use of a specific database (FairHealth) in connection with claims that arose after October 31, 2014 for a five-year period going forward. The approval of the settlement was ultimately affirmed by the Appellate Court of Illinois, which among other things, rejected a challenge as to the adequacy of representation of the class.
Defendants are medical providers that treat Liberty insureds and submit bills for payment under their patients’ PIP coverage. As alleged into the Complaint, they have in some instances received less than full payment for their services as a result of the same computerized bill review process that was the subject of the Lebanon judgment. The defendants (and others like them) have frequently sued Liberty in Massachusetts District Courts in an effort to collect the difference between the full amount of their billed charges and the lesser amount that Liberty has paid using the FairHealth database. In seeking a declaration that the *620 Lebanon judgment is enforceable here in Massachusetts according to its terms, Liberty seeks to prevent these providers from bringing such lawsuits or from otherwise challenging PIP claims made on behalf of Liberty insureds for the time period described in the settlement that was approved.
Defendants now move to dismiss the Complaint for two reasons. First, they allege that they do not fall ■within the “Provider Subclass” as defined in the Lebanon Judgment because the definition of the Provider Sub-Class in that case was any “person” and the defendants are corporations, not persons. Under Illinois law, however, the term “person” has been repeatedly construed to apply to corporations or other business entities. See cases cited on pages 8-9 of Defendants’ Opposition. For purposes of construing statutes, the same came be said for Massachusetts. See G.L.c. 4, §7. More important, the manner in which the class settlement was administered makes it clear that the parties and the Illinois court intended that the Provider Subclass include corporations. For example, the class notice was distributed to thousands of corporate health care providers, including the defendants, who were given the chance to opt out. Indeed, the lead plaintiff in the case—Lebanon Chiropractic Clinic P.C.—was itself a corporation.
The second reason offered in support of the motion is more diffuse and appears to require the resolution of issues beyond the four corners of the Complaint. The defendants assert that to permit Liberty to use the FairHealth database to determine the reasonableness of medical charges would result in a substantive change to Massachusetts auto insurance policies and that such a change cannot be done without approval of the insurance Commissioner. They argue that the settlement itself was not fair to and reasonable as applied to Massachusetts medical providers, who have a strong likelihood of recovering 100 percent of their medical charges if they resort to litigation and who would be able to recover only a portion of that if the settlement was enforced. They contend that the application of the settlement runs afoul of G.L.c. 90, §34M because it permits Liberty to reduce a provider’s bill by use of a computerized bill review system rather than on a review of the actual bill for services. Finally, they maintain that the Illinois class representative did not adequately represent the interests of the defendants and that Massachusetts class members were unfairly restricted in their ability to communicate with counsel.
Many (if not all) of these arguments depend on facts not contained in the Complaint—for example, that there are significant flaws in the FairHealth database which result in a failure to pay medical charges even though they are otherwise reasonable, or that class members’ right to communicate with counsel was impaired. Others are simply not fully developed enough by the memoranda for this Court to decide them. In opposing the Motion, the defendants argue that this Court’s inquiry should be much narrower and that the focus should be on whether the issuing court adopted adequate procedures for ensuring that absent class members received due process. If the defendants received notice, had an opportunity to be heard, were afforded the chance to opt out of the settlement and did not, and there are sufficient findings that the class representatives adequately represented them, the Lebanon Settlement (it is argued) must be given full faith and credit. The Complaint alleges that all those requirements are met.
That said, this Court has real reservations about what the defendants are attempting to achieve here. Class members who did not opt out of the class are presumably bound by the General Release that was part of the Lebanon class settlement. That release could conceivably be the basis for seeking to dismiss any PIP claims brought in Massachusetts District Courts by providers like the defendants, applying the principle of res judicata. The defendants have not filed a PIP claim in this Court, however, nor is it certain that they will in the future, thus raising the question of whether there is an actual controversy sufficient to meet the requirements of G.L.c 231A. This question was not raised at all by the instant motion but is one that this Court must resolve in plaintiffs favor for this case to go forward. Moreover, Liberty seeks an injunction against the defendants prohibiting them from bringing such claims, relying on a term of the Lebanon settlement which imposes such an order on all class members, including those in other states. Although only mentioned in passing in their brief, the defendants may very well have a point in arguing (as they did at the Motion hearing) that this kind of injunctive relief is not entitled to full faith and credit. See Baker v. Thomas General Motors Corp., 522 U.S. 222 (1980).
In Baker the Supreme Court held that one state court’s order prohibiting a former employee of the defendant from testifying in any litigation involving the defendants outside of the state was not entitled to full faith and credit and thus did not compel enforcement of that order to prevent testimony of the employee in another state. “Enforcement measures do not travel with the sister state judgment as preclusive effects do; such measures remain subject to the evenhanded control of the forum law.” 522 U.S. 235. The Supreme Court added that “anti-suit injunctions regarding litigation elsewhere, even if compatible with due process as a directive constraining parties to the decree, in fact have not controlled the second court’s actions regarding litigation in that court.” Id. (citations omitted). Applying these principles to the instant case, this Court has difficulty seeing how Liberty would be able to obtain an injunction against the defendants prohibiting them from even filing suit in Massachusetts, if in fact that is what Liberty is asking the Court to do.
Because of these reservations, the denial of the Motion to Dismiss is without prejudice to revisiting *621 these issues when it is clearer to this Court what the plaintiff is seeking and after the issues have been more fully briefed and argued than they were in the memo-randa submitted in support of this motion.